IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

OSCAR HUARACHA                                                               PLAINTIFF

V.                                             CIVIL ACTION NO. 4:15CV152-SA-SAA

CDCR, ET AL.                                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* complaint of Oscar Huaracha, a California prisoner who has brought suit under 42 U.S.C. § 1983 alleging that the defendants violated his due process rights and failed to protect him from harm. For purposes of the Prison Litigation Reform Act, the Court notes that the plaintiff was incarcerated when he filed this suit. Upon review of the complaint and considering the applicable law, the Court finds that the plaintiff has failed to state a due process claim, and his failure to protect claim will proceed as set forth below.

### Factual Allegations

The plaintiff is a California prisoner who was transferred to the Tallahatchie County Correctional Facility ("TCCF") in Tutwiler, Mississippi, on September 4, 2014. He alleges that a hearing should have been held to determine his proper custody level prior to his transfer, but that he was transferred to TCCF without such a determination. The plaintiff maintains that he was designated as a security level II inmate but was housed with higher security level inmates — level III inmates — at TCCF. He contends that he voiced safety concerns to prison officials about being placed with these offenders. The plaintiff alleges that his concerns were ignored, and that he was subsequently stabbed twelve times by level III inmates.

## Due Process

The plaintiff claims his due process rights were violated when he was transferred to TCCF without a hearing to determine his suitability for transfer and his custody level. A prisoner's housing does not implicate a constitutional interest, as he has "no justifiable expectation" as to where he will be housed. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Additionally, the administrative transfer of a prisoner does not implicate the Fourteenth Amendment and does not require a pre-transfer hearing to satisfy the demands of due process. *Meachum v. Fano*, 427 U.S. 215, 228-229 (1976). Accordingly, the plaintiff cannot sustain a claim against the California Department of Corrections and Rehabilitation ("CDCR") or the Corrections Corporation of America ("CCA") based on his housing transfer, and his due process claim will be dismissed for failure to state a claim upon which relief may be granted.

## Failure to Protect

Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability."). In order to hold a supervisory official responsible for a § 1983 violation, a plaintiff must establish either (1) the official's personal participation in the alleged wrong, or (2) "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992).

The plaintiff has named several defendants whose role in the lawsuit is merely the position he or she holds, namely: Jeffrey Beard, the Secretary of the California Department of

Corrections and Rehabilitation ("CDCR"); Dalinda Harmen, Chief of Contract Beds Unit; D. Gonzalez, Corrections Counselor; and Fred Figuero, Warden of TCCF. The plaintiff does not allege that any of these defendants personally participated in any wrong that occurred to him and will be dismissed from this action.

However, the plaintiff does allege that defendant CCI S. Roacha, a California counselor assigned to the plaintiff, and C/M Love, the plaintiff's case manager at TCCF, both had personal participation in his housing determination and personal knowledge of the plaintiff's safety concerns. Accordingly, his failure to protect claim against them will proceed.

## Conclusion

In sum, the plaintiff's claims for denial of due process will be dismissed for failure to state a claim upon which relief may be granted. Additionally, his claims against defendants Jeffrey Beard, Dalinda Harmen, D. Gonzalez, and Fred Figuero will be dismissed for failure to state a claim upon which relief may be granted. His failure to protect claim against defendants CCI S. Roacha and C/M Love will proceed.

**SO ORDERED**, this the 11th day of December, 2015.

　　　　　　　　　　　　　　　　　　 /s/ **Sharion Aycock**
　　　　　　　　　　　　　　　　　　 **U.S. DISTRICT JUDGE**